**O JS-6**

USBC Central District of California at Los Angeles,
2:11-bk-42225-SK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re Gloria June Harrison | Case No. CV 11-9258 ODW<br><br>ORDER DENYING LEAVE TO APPEAL AN INTERLOCUTORY ORDER [1] |

    Currently before the Court is Gloria June Harrison's ("Harrison") Amended Motion for Leave to Appeal an Interlocutory Order from the Bankruptcy Court for the Central District of California. (Dkt. No. 6.) Harrison seeks leave to appeal the Bankruptcy Court's order granting Wells Fargo Bank, N.A.'s relief from the automatic stay "to enforce its remedies to foreclose on and obtain possession of the Property." (Case No. 11-bk-42225-SK, Dkt. No. 32.)

    Subject to some exceptions inapplicable here, district courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy judges. 28 U.S.C. § 158(a)(2).

While district courts must hear appeals from final decisions, they have discretionary authority to hear interlocutory appeals. *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003). Courts generally disfavor interlocutory appeals and only grant leave to appeal where three extraordinary factors are met: "(1) refusal would result in wasted litigation and expense, (2) the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal would materially advance the ultimate termination of the litigation." *In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir. 1994); *In re 450 S. Burlington Partners LLC*, No. CV 09-4097 PSG, 2009 WL 2460880, *5 (C.D. Cal. Aug. 5, 2009).

Here, Harrison requests leave to file an interlocutory appeal yet fails to show the requisite factors. Specifically, Harrison fails to cite any precedent, or even argue, that the appeal would involve a "controlling question of law as to which there is a substantial ground for difference of opinion." *In re NSB Film Corp.*, 167 B.R. at 180. Harrison also does not establish how the Court's refusal to grant leave in this instance would "result in wasted litigation and expense" and how "an immediate appeal would materially advance the ultimate termination of the litigation." *Id*. For these reasons, the Court declines to exercise its discretionary authority to grant leave to appeal.

Accordingly, the Court **DENIES** Harrison's Motion. The Clerk of Court shall close this case.

IT IS SO ORDERED.

December 13, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

2